## APPEAL OF SHAMOKIN VALLEY & POTTSVILLE RAILROAD CO.

*Docket No. 4944. Submitted October 26, 1925. Decided February 8, 1926.*

The amount of income tax borne by the Director General of Railroads under the Federal Control Act did not constitute income to the taxpayer. Following *Appeal of New York, Ontario & Western Ry. Co.*, 1 B. T. A. 1172.

*Percy S. Crewe, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, GREEN, and LOVE.

This appeal is the result of the Commissioner's inclusion in the taxpayer's income, for the years 1918, 1919, and 1920, of the amounts of the 2 per cent tax paid by the Director General of Railroads as a result of his control of the taxpayer's properties under the provisions of the Federal Control Act.

The deficiency letter, dated April 27, 1925, advised the taxpayer of the determination of deficiencies for the years 1919 to 1921, inclusive, in the aggregate amount of $16,790.96, and an overassessment for the year 1918 in the amount of $134.97, resulting in a net deficiency of $16,655.99.

The portion of the alleged deficiency in controversy is stated by the petition as follows: 1918, $120.50; 1919, $101.42; 1920, $16.74.

### FINDINGS OF FACT.

1. The taxpayer is a Pennsylvania corporation, with its principal place of business at Broad Street Station, Philadelphia, Pa. Its properties are leased to the Pennsylvania Railroad Co.

2. The taxpayer is a common carrier subject to the provisions of the Interstate Commerce Act. During the years 1918 and 1919, and the months of January and February, 1920, its properties were under the control of and were operated by the Director General of Railroads, as provided for by the Federal Control Act.

3. In accordance with the provisions of the Federal Control Act, and as a result of his control of the taxpayer's properties, the Director General bore a 2 per cent portion of the Federal income tax in the amounts as follows:

| Year. | Amount of tax. |
| --- | --- |
| 1918 | $1,004.24 |
| 1919 | 1,004.23 |
| 1920 | 167.37 |

4. The Commissioner has included the amount of the tax so paid by the Director General in the taxpayer's income for each of the respective years.

5. The effect of including the amount of the tax borne by the Director General for the year 1918 in the taxpayer's income was to increase the taxpayer's alleged income-tax liability for that year by the amount of $120.50. Of this amount $66.94 was paid by the taxpayer as the result of an assessment during 1924, and the remaining $53.56 was made the subject of an abatement claim.

The deficiency letter advised the taxpayer that the abatement claim, which was in the amount of $188.53, was being allowed in the amount of $134.97.

### DECISION.

The deficiencies should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

MARQUETTE: The Commissioner's motion to dismiss for want of jurisdiction as to the year 1918 must be overruled, on authority of the Board's decisions in *Appeal of E. J. Barry*, 1 B. T. A. 156; *Appeal of Hickory Spinning Co.*, 1 B. T. A. 409, and *Appeal of Fort Orange Paper Co.*, 1 B. T. A. 1230.

The amount of the 2 per cent tax paid by the Director General of Railroads in accordance with the provisions of the Federal Control Act is not income to the taxpayer. *Appeal of New York, Ontario & Western Ry. Co.*, 1 B. T. A. 1172. Therefore, the Commissioner was in error in including such payments in this taxpayer's gross income.

The situation here presented in regard to the year 1918 is exactly similar to that in the *Appeal of Camden & Burlington County Ry. Co.*, 3 B. T. A. 602. As to so much of the tax resulting from the said inclusion as has been paid, to wit, $66.94, the Board has no jurisdiction. The balance, amounting to $53.56, was the subject of an abatement claim and, as it remains unpaid, it is disallowed. It follows that the claim for abatement for 1918, so far as it resulted from the said inclusion, should have been allowed in full, and that so much of the proposed deficiencies for 1919 and 1920 as result from the inclusion of the amount of the tax paid by the Director General must also be disallowed.